9393

OUTLAW v. NATIONAL COUNCIL, JUNIOR ORDER UNITED
AMERICAN MECHANICS, *ET AL.*

(88 S. E. 801.)

1. APPEAL AND ERROR—DECISIONS APPEALABLE.—An order extending the
time within which to perfect an appeal is within the trial Court's
discretion, and cannot be made the subject of a separate appeal.

2. APPEAL AND ERROR—PERFECTION OF APPEAL—MODE.—In perfecting an
appeal, appellant should serve his proposed case, making a narrative
statement of so much of the testimony as may be pertinent, and, if
respondent objects, he can propose amendments, and, in event of the
failure of the parties to agree, the case must be submitted to the
trial Court for settlement, in which case the trial Court may, under
Code Civ. Proc. 1912, sec. 315, require the stenographer to furnish
him with a transcript of the testimony.

Before BOWMAN, J., Camden, October, 1915. Case
remanded.

Action by Eunice Outlaw against the National Council,
Junior Order United American Mechanics, and De Kalb
Council, No. 112, Junior Order United American Mechan-
ics. Judgment for plaintiff, and defendants served notice of
intention to appeal. On motion to dismiss appeal from an
order refusing to approve defendants' proposed case and
extending time for settlement.

*Messrs. B. B. Clarke* and *Douglas & Douglas,* for appel-
lants.

*Mr. W. B. deLoach,* for respondent.

May 24, 1916.
The following order was made

PER CURIAM. The order extending the time
within which to perfect the appeal was within the dis-
cretion of the trial Judge, and not appealable at this
time.

Inasmuch as there is some confusion in the minds of attorneys as to the proper practice in the preparation of appeals, it is well to say: The appellant serves his proposed case, making a narrative statement of so much of the testimony as may be pertinent to the appeal, where it can be done. If the respondent objects to appellant's statement, he can propose amendments thereto, inserting or striking out, or he may propose by way of amendment a statement in accordance with his view of the testimony. In case of a failure of the appellant and the respondent to agree, the case must then be referred to the trial Judge for settlement. It is not sufficient for respondent to object to appellant's statement of the testimony of any witness or witnesses, and propose that in lieu thereof the entire testimony be inserted. Respondent must serve the proposed amendments, which should specify what he proposes to strike out or insert in accordance with the rule. The statute (Code Civ. Proc., sec. 315) provides that the presiding Judge may require the stenographer to furnish him with a transcript of the testimony.

The case is remanded to the Circuit Judge for settlement.